**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Mamady Conde, | : |
|                Plaintiff, | : Civil Action No.: 1:13-cv-13276 |
| v. | : |
| Rite Aid Corporation, | : **COMPLAINT** |
|                Defendant. | : **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Mamady Conde, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Mamady Conde ("Plaintiff"), is an adult individual residing in New Bedford, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Rite Aid Corporation ("Rite"), is a Pennsylvania business entity with an address of 30 Hunter Lane, Camp Hill, Pennsylvania, 17011, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Beginning in June 2013, Rite contacted Plaintiff in an attempt to solicit services to an individual other than Plaintiff.

7. At all times mentioned herein, Rite contacted Plaintiff by placing calls to Plaintiff's cellular phone, number 508-xxx-1277, using an automated telephone dialer system ("ATDS") and/or an artificial or prerecorded voice.

8. When Plaintiff answered Robocalls from Rite, she would hear a prerecorded message stating that an individual named "Elizabeth" had pictures waiting to be picked up from Rite.

9. Plaintiff has no knowledge of the individual Rite was calling for, has never provided Rite with her cellular telephone number, and has never provided Rite with prior express consent to place calls to her using an automated system.

10. During the month of August, 2013, Plaintiff called Rite and informed them that the individual they were attempting to call could not be reached at her cellular telephone number, and requested that the automated calls cease.

11. In response, Rite apologized and stated that they would stop calling Plaintiff's cellular phone.

12. Despite Plaintiff's request, Rite thereafter continued to harass Plaintiff with automated calls to her cellular phone at a rate of up to two calls on a daily basis.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Rite called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial voice.

15. Plaintiff never provided his cellular telephone to Rite and never gave consent to Rite to contact him on his cellular telephone number.

16. Regardless, Rite continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Rite was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Rite to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

24.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with automated calls to her cellular phone.

25.     The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

26.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

28.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Actual and Punitive damages; and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 27, 2013

        Respectfully submitted,

        By  */s/ Sergei Lemberg*

        Sergei Lemberg (BBO# 650671)
        LEMBERG LAW L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff